USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-27-08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X
ADRIAN AGOSTINI,                 :
                                 :   08 Civ 1196
            Plaintiff,           :
                                 :   DECISION AND ORDER
     - against -                 :
                                 :
UNITED STATES OF AMERICA,        :
                                 :
            Defendant.           :
-------------------------------- X
```

**VICTOR MARRERO, United States District Judge.**

Defendant Adrian Agostini ("Agostini") brought this petition pursuant to 28 U.S.C. § 2255 to vacate his sentence under the judgment of conviction in which he was found guilty by a jury of one count of assault in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3), and one count of conspiracy to distribute and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. The Court sentenced Agostini to 300 months of incarceration. This term included an upward departure from the upper end of the Sentencing Guidelines range of 262 months, and an apportionment of the total enhanced sentence to impose consecutive sentences of 180 months on the first count and 120 months on the second count. See United States v. Agostini, 365 F. Supp. 2d 530, 541 (S.D.N.Y. 2005). Agostini challenged his conviction on appeal, raising some of the issues he asserts in the instant petition. The Second Circuit affirmed the judgment in every respect. See United States v.

Agostini, 184 Fed. Appx. 128, 130 (2d Cir. 2006).

As basis for relief, Agostini's petition asserts four grounds: (1) the Court's instructions to the jury were confusing, as demonstrated by the jury sending out questions seeking further explanations and clarifications; (2) counsel rendered ineffective assistance by failing to file a timely motion for acquittal pursuant to Federal Rule of Criminal Procedure 29 ("Rule 29"), not seeking an appeal of an Allen charge or a reduced sentence on the conviction involving multiple drugs, and failing to advise on the benefits of non-trial dispositions; (3) the Court enhanced the sentence on the basis of uncharged offenses not determined by the jury; and (4) the Court erred in considering acquitted conduct in the sentence imposed.

Having reviewed Agostini's petition in the light of his trial, sentencing and post-trial proceedings, the Court finds that the record conclusively shows that Agostini is entitled to no relief. None of the grounds Agostini raises in support of his petition demonstrates sufficient merit to warrant any further proceedings on his application, hence compelling summary denial of the petition. See 28 U.S.C. § 2255.

Agostini's general and unsubstantiated assertion that the jury instructions as a whole were defective because the jury sought further clarification of some issues is baseless. The

instructions were prepared with the full participation of Agostini and his counsel, at every conference. Agostini raised no objections to the instructions in their totality as being confusing and fundamentally defective. To the extent he did not specify such overall objections, any challenge to the instructions at this point is procedurally barred, and not a proper subject for relief pursuant to § 2255. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); see also Frederick v. United States, No. 01 CV 7826, 2005 WL 2175904, at *11, *13 (E.D.N.Y. September 8, 2005).

Agostini's claim of ineffective assistance of counsel is equally meritless under the rigorous standard demanded by Strickland v. Washington, 466 U.S. 668 (1984). In this Court's assessment of the performance of Agostini's counsel, nothing Agostini now asserts rises to the level of such fundamentally defective representation as to amount to a deprivation of counsel altogether. See Id. at 687. First, Agostini's claim that counsel failed to advise him on the benefit of non-trial dispositions is belied by, among other circumstances, the lengthy period that elapsed from his first trial, which ended in a hung jury in June 2002, to his decision in March 2003 to stand trial again. During that time, the Court granted numerous adjournments to enable the parties to continue discussions regarding non-trial

dispositions. At a conference with the Court on March 4, 2003, the parties informed the Court that they were unable to agree upon a disposition and that Agostini had elected to go to trial a second time. (See United States v. Santiago, No. 19-00 Cr. 0237, Docket Nos. 390-398.)

Regarding Agostini's claim that counsel failed to file a Rule 29 motion for acquittal on his behalf, the Court has already determined that even if such a motion had been timely submitted, there still would have been no grounds to grant acquittal in this case, in view of the overwhelming evidence sufficient to sustain a conviction. The Second Circuit concurred. See Agostini, 184 Fed. Appx. at 130 ("The evidence presented at trial was sufficient to support the convictions."). For the same reason, the Second Circuit also considered and rejected Agostini's claims based on alleged violations of Crawford v. Washington, 541 U.S. 36 (2004). It found that there was no plain error in the admission of co-conspirator plea allocutions because there was ample evidence on the record to sustain the jury's findings regarding the existence of a conspiracy. See id. In light of the substantial evidentiary record independently supporting the jury's verdict, there is no reasonable basis to sustain a finding satisfying the second element of the Strickland test for a sufficient claim of ineffective assistance of counsel:

that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different.  See 466 U.S. at 687.

With respect to Agostini's claim of error under Apprendi v. New Jersey, 530 U.S. 466 (2000) grounded on the Court's enhancement for uncharged conduct of obstruction of justice, the Court has already addressed the point, finding such adjustment appropriate under applicable doctrine in this Circuit.  See Agostini, 365 F. Supp. 2d at 537 n.3 (citing United States v. Duque, 123 Fed. Appx. 447 (2d Cir. 2005)).

Finally, Agostini's charge of constitutional error in the Court's weighing acquitted conduct as a sentencing consideration is equally meritless under existing case law. See United States v. Santiago, 413 F. Supp. 2d 307, 315 (S.D.N.Y. 2006) (citing United States v. Crosby, 397 F.3d 103, 112 (2d Cir. 2005)); see also United States v. Garcia, 413 F.3d 201, 220 n.15 (2d Cir. 2005) (reaffirming that "[j]udicial authority to find facts relevant to sentencing by a preponderance of the evidence survives [United States v. Booker, 543 U.S. 220 (2005)]").

Accordingly, finding no basis for relief in this action, the Court denies Agostini's petition.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the petition of Adrian Agostini (Docket No. 1) to vacate the sentence rendered pursuant to the judgment of conviction in this case is DENIED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:    New York, New York
          27 February 2008

_____
VICTOR MARRERO
U.S.D.J.